**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| ERICK W. TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-139-RWS-JBB |
| | § | |
| CAINE & WEINER COMPANY, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The above-captioned case was referred to United States Magistrate Judge James B. Baxter pursuant to 28 U.S.C. § 636(b)(1). Before the Court are Plaintiff's Objections to Report and Recommendation of the United States Magistrate Judge. Docket No. 45.

## BACKGROUND

Plaintiff Erick W Turner, proceeding *pro se*, filed this cause of action against Defendant Caine & Weiner Company, Inc. for alleged violations of federal consumer protective status. Docket No. 1. On October 15, 2025, Defendant timely appeared and filed its answer to the original complaint. Docket No. 7. That same day, Plaintiff filed a motion seeking entry of default. *See* Docket No. 6. Two days later, on October 17, 2025, Plaintiff filed a First Amended Complaint ("FAC"), expanding his factual allegations and asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.*, and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 *et seq*. Docket No. 9. On October 31, 2025, Defendant filed its answer to the FAC. Docket No. 17.

Between October 20 and November 10, 2025, Plaintiff filed multiple motions, including a supplement to his motion for entry of default, motion to strike pleadings, motion for sanctions, and motion for partial summary judgment. *See* Docket Nos. 11, 12, 16, 20. On November 12, 2025, following a scheduling and case management conference, the Court entered an order denying Plaintiff's requests for entry of default, motions to strike, motion for sanctions, and his prior motion for partial summary judgment, and directed that the case proceed on the merits. Docket No. 24.

On December 9, 2025, Plaintiff served Defendant with his First Set of Interrogatories, Requests for Production, and Requests for Admission, making Defendant's responses originally due January 8, 2026. The parties dispute whether Defendant obtained an agreed extension from Plaintiff; thus, the parties dispute whether Defendant's January 12, 2026 discovery responses were timely filed. Plaintiff filed two substantive motions relating to Defendant's discovery responses: a motion for partial summary judgment based on Defendant's alleged deemed admissions and a motion to compel Defendant to serve full and complete responses to Plaintiff's interrogatories and requests for production. Docket Nos. 34, 35.

On March 16, 2026, the Magistrate Judge entered a Report and Recommendation and Order ("R&R"). Docket No. 44. Having determined that Defendant's responses to admissions were timely served and not deemed admitted, the Magistrate Judge recommended Plaintiff's motion for partial summary judgment be denied. The Magistrate Judge further concluded that the motion failed on the merits independent of the admissions issue.[1]

[1] In the non-dispositive portion of the Report and Recommendation and Order, the Magistrate denied Plaintiff's motion to compel after concluding that Plaintiff failed to comply with Rule 37(a)(1)'s meet and confer requirements prior to filing. The Magistrate Judge further found that even if Plaintiff had complied with the meet and confer requirements, the motion to compel was insufficient in form.

Plaintiff raises seven objections to the R&R: (1) the Magistrate Judge mischaracterized Plaintiff's January 7 communication/email (Docket No. 45 at 1-3); (2) even if an extension existed, it was contingent on receipt of "full discovery responses" which did not happen; thus, the "condition precedent" was not satisfied, and any purported extension never became effective (*id.* at 3); (3) Defendant's conduct proves no extension existed (*id.*); (4) the Magistrate Judge's alternative holding in footnote 2—that Plaintiff's motion would fail on the merits even with admissions—is an improper advisory ruling (*id.* at 3-4); (5) the Magistrate Judge's Rule 11 warning was unwarranted (*id.* at 4); (6) there is a pattern of asymmetric treatment (*id.* at 4-5); and (7) the Magistrate Judge failed to require Defendant to satisfy its burden under Rule 36(b) (*id.* at 5-7).

## LEGAL STANDARDS

### I. Standard of Review

The Court must conduct a *de novo* review of all portions of the Magistrate Judge's report that a party has properly objected to. *See* 28 U.S.C. § 636(b)(1)(C) (The district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). For the unobjected-to portions of a magistrate judge's report, however, parties are barred from *de novo* review by the district judge of the magistrate judge's proposed findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021). Where no objections to a magistrate judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## II. Federal Rule of Civil Procedure 56

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co*., 340 F.3d 233, 235 (5th Cir. 2003). Rule 56 requires that factual assertions be "support[ed]" by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

## III. Federal Rule of Civil Procedure 36

Federal Rule of Civil Procedure 36 governs requests for admission. *Am. Auto. Ass'n* (*Inc.*) *v. AAA Legal Clinic of Jefferson Crooke, P.C*., 930 F.2d 1117, 1119 (5th Cir. 1991). Under that rule, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rule 36 requests are properly directed to matters that the requesting party would otherwise need to prove. *See Am. Auto. Ass'n*, 930 F.2d at 1120.

A matter generally "is admitted unless, unless within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection. . . ." Fed. R. Civ. P. 36(a)(3). A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court. *Id.* A matter admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); *CHU de Quebec - Universite Laval v. DreamScape Dev. Grp. Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2022 WL 1719405, at *7 (E.D. Tex. May 27, 2022).

A party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage. *Poon-Atkins v. Sappington*, No. 21-60467, 2022 WL 102042, at *1 (5th Cir. Jan. 10, 2022) (citing *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)). Instead, the proper course for a litigant who wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admission is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b). *Id.*

**ANALYSIS**

Plaintiff seeks entry of partial summary judgment on Defendant's liability under the Fair Credit Reporting Act ("FCRA") and the Texas Debt Collection Act ("TDCA"). According to Plaintiff's motion, Defendant's admissions establish the absence of any genuine issue of material fact as to liability under the FCRA and the TDCA. Docket No. 34 at 1. As noted by the Magistrate Judge, Plaintiff's motion rests entirely on the premise that Defendant failed to timely respond to Requests for Admission ("RFAs") and therefore admitted liability by operation of Federal Rule of Civil Procedure 36(a)(3). The dispositive issue before the Court is whether the parties had agreed to a brief four-day extension, in which case the responses were timely served.

By way of background, Plaintiff served requests for admission on December 9, 2025, making the responses due on January 8, 2026. On January 6, 2026, however, Defendant's counsel requested an additional fourteen days—through January 22, 2026—to respond. Plaintiff responded to that request refusing to allow a fourteen-day extension but advised as follows:

> I am willing to defer action until close of business Monday, January 12, 2026. If I am in receipt of full discovery responses by that time, court intervention will not be necessary.
>
> Otherwise, I will proceed with filing on Tuesday morning.

*See* Docket No. 37-1 (email exchange). Pursuant to this communication, Defendant served its responses to requests for admission on Monday, January 12, 2026, at 4:27 p.m. CST. *See* Docket No. 38-1 (email). Plaintiff does not contest receipt on January 12, but he contends that "no agreement or stipulation was formed" between the parties because the extension was conditioned on receipt of *full* discovery responses. Plaintiff also suggests that the absence of Court approval undermines the extension's validity.

In the R&R, the Magistrate Judge noted that Federal Rule of Civil Procedure 29 does not require court approval for discovery extensions unless "it would interfere with the time set for completing discovery, for hearing a motion, or for trial." Docket No. 44 at 5–6 (citing *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, No. 1:15-CV-60-DAE, 2017 WL 9323448, at *3 (W.D. Tex. May 2, 2017) (quoting Fed. R. Civ. P. 29(b))). According to the Magistrate Judge, the four-calendar day extension in Plaintiff's January 7 email did not impact the discovery deadline or any other court-ordered deadline; thus, Court approval was not required for the parties to enter into a Rule 29 stipulation. *Id.* at 7. Considering the totality of circumstances, the Magistrate Judge concluded the parties entered into a "written, albeit informal agreement" and that Defendant's responses were timely served on January 12, 2026 pursuant to that agreement. *Id.* (citing *MidCap Media*, 2017 WL 9323448, at *6).

Because the Magistrate Judge found that Defendant's responses to Plaintiff's RFAs were timely served on January 12, 2026, no matters have been deemed admitted and Plaintiff's motion fails. Therefore, the Magistrate Judge recommends Plaintiff's motion for partial summary judgment be denied. Docket No. 44.

The Magistrate Judge also denied Defendant's motion for Rule 11 sanctions. *Id.* at 12–14. However, the Magistrate Judge reminded Plaintiff that *pro se* litigants are obligated to obey the

same rules as attorneys in litigation. *Id.* at 13. The Magistrate Judge warned Plaintiff that failure to "stop-and-think" before making future legal or factual contentions may result in the imposition of sanctions. *Id.* at 13–14.

**Objection 1**

Plaintiff's first objection criticizes the Magistrate Judge's characterization of Plaintiff's January 7 email as a written, informal agreement (stipulation) between the parties. According to Plaintiff, his use of exclusively first-person, conditional language ("[i]f I am in receipt of full discovery responses by that time") is the "hallmark of a unilateral forbearance." Docket No. 45 at 2. According to Plaintiff, the enforcement promise sentence ("Otherwise, I will proceed with filing on Tuesday morning") confirms the arrangement was an "ultimatum" and not an agreement to extend a deadline. *Id.* Plaintiff contends a Rule 29 "stipulation" requires mutual assent. According to Plaintiff, there is no mutual assent here because Defendant never responded to accept Plaintiff's conditional terms.

Despite Defendant's lack of response, the emails demonstrate the parties mutually agreed to extend the deadline for Defendant to respond to the RFAs. *See McLeod v. Pershing, L.L.C.*, No. 3:16-CV-1484-N-BQ, 2024 WL 3333237, at *3 (N.D. Tex. July 8, 2024) (rejecting the defendant's argument regarding the plaintiffs' counsel failure to respond to the defendant's email and refusing to deem the RFAs admitted). Under the totality of circumstances, the Court agrees with the Magistrate Judge that the parties had a "written, albeit informal, agreement" to extend the deadline for Defendant to respond to the RFAs through January 12, 2026. *See MidCap Media*, 2017 WL 9323448, at *6.

Plaintiff argues *MidCap Media* is distinguishable because the parties in that case reached a mutual understanding and both sides acted consistently with the agreed informal extension. Docket No. 45 at 3. Plaintiff's argument is unpersuasive. As expected, the substantive content of

the parties' email communications in *MidCap Media* differs from the content of the emails in this case.[2] However, the *MidCap Media* court's analysis of Rule 36 and the parties' communications in that case support the Magistrate Judge's finding in this case that the totality of the circumstances support a finding that the parties' communications (although less cordial and cooperative than in *MidCap Media*) still express a mutual, though informal, agreement via email to extend the deadline for Defendant's response to the end of business day on January 12, 2026.

The court in *MidCap Media* declined to "take a hyper-technical approach to find" the RFA responses were untimely, noting it was reasonable for counter-defendants' counsel to believe—based on the totality of the email exchanges and prior course of dealing with the defendants—that they were serving their responses timely. *MidCap Media*, 2017 WL 9323448, at *5. Given that Rule 36 allows parties to stipulate to extensions of time during discovery without court approval, the court found under the totality of the circumstances that the counter-defendants' RFA responses

[2] In *MidCap Media*, the court considered whether the counter-defendants' allegedly five days' late responses to the defendants' RFAs were timely in light of the parties' existing communications and agreed-upon extensions. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, No. 1:15-CV-60-DAE, 2017 WL 9323448, at *4 (W.D. Tex. May 2, 2017). The parties exchanged discovery requests on August 12, 2016. *Id.* Pursuant to Rule 36, counter-defendants' responses to the RFAs were due thirty days thereafter, on September 12, 2016. *Id.* However, on September 8, 2016, the defendants requested a one-week extension to exchange discovery responses. *Id.* The following day, the counter-defendants agreed to a one-week extension for all parties to serve discovery responses, making discovery responses due September 19, 2016. *Id.* Three days before the new deadline, on September 16, 2016, counsel for the counter-defendants wrote to the defendant's counsel, indicating that he would be going to trial for another matter on September 19, but that he expected to be able to timely provide responses and documents on the September 19 response deadline. *Id.* Counsel for defendants indicated via response the same day that "we'd be agreeable to a few more days on the discovery responses." *Id.* Counsel for counter-defendants responded that he should be able to meet the September 19 deadline but that he would "be sure to let you know if I need a day or two." *Id.*

A few days later, on September 19, counsel for the counter-defendants stated he needed a "day or two to produce documents on behalf of MidCap" and offered to extend the "same courtesy" if needed. *Id.* Counsel for defendant replied: "No problem. My folks will need some additional time to gather and produce documents as well." *Id.* This was the last communication between the parties' counsel on September 19 regarding serving discovery responses "some additional time" beyond the previously-decided September 19 deadline. *Id.* Five days later, on September 24, 2016, the counter-defendants served their responses to all of defendants' RFAs. *Id.* The defendants' counsel later challenged the timeliness of the responses. *Id.* at *5. The court found that the defendant's counsel's emails suggested "both implicitly and expressly that Defendants were amenable to discovery responses and some document productions to be served after September 19." *Id.*

were timely served on September 24, 2016, "pursuant to the written, albeit informal agreement between the parties." *Id.* at *6.

Similarly, the Court declines to take a "hyper-technical approach" to find Defendant's RFA responses were untimely. As found by the Magistrate Judge, the parties mutually agreed, though informally, via written email communications to extend Defendant's deadline to file its discovery responses until the close of business on January 12, 2026. Here, as in *MidCap Media*, Defendant did indeed submit responses to Plaintiff's RFAs, with the understanding that an extension to the response deadline had been stipulated, or at the very least acknowledged and informally agreed to by Plaintiff via email. *See id.* Plaintiff's first objection is without merit.

**Objection 2**

According to Plaintiff's second objection, even if an extension existed, "it was contingent on receipt of 'full discovery responses.' " Docket No. 45 at 3. Plaintiff argues Defendant's responses were deficient because Defendant refused to provide substantive information for over half the interrogatories and requests for production. Thus, according to Plaintiff, the "condition precedent" failed, and any purported extension never became effective. *Id.* This argument is also unpersuasive.

Defendant provided its discovery responses by the close of business on January 12, lodging certain objections to Plaintiff's interrogatories and requests for production ("RFPs") as it was entitled to do under the Federal Rule of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 33 (b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Even though the Court has since overruled certain objections lodged to Plaintiff's interrogatories and RFPs and ordered Defendant to provide some additional discovery responses, *see* Docket No. 53, that does not mean that Defendant's January 12 discovery responses were

incomplete. Nor has Plaintiff convinced the Court that his use of the word "full" in the January 7 email changes the mutual, though informal, understanding between the parties that Defendant's response deadline had been extended until close of business on January 12.

**Objection 3**

Plaintiff argues in his third objection that Defendant's conduct proves no extension existed. According to Plaintiff, on January 12—the purported extended deadline—Defendant's counsel emailed, requesting "a brief additional extension." Docket No. 45 at 3 (citing Docket No. 38-1). Plaintiff argues Defendant would not have requested more time hours before the deadline if Defendant believed it had a "firm, unconditional extension through January 12." *Id.* Contrary to Plaintiff's suggestion, Defendant's counsel's email requesting "a brief additional extension" supports the existence of a mutual agreement between the parties to extend the response deadline through the close of business on January 12, 2026.[3] Plaintiff's third objection is without merit.

**Objection 4**

In his fourth objection, Plaintiff asserts the Magistrate Judge's alternative holding in footnote 2—that Plaintiff fails to submit competent summary judgment evidence supporting his claims and would still fail to establish liability as a matter of law even with deemed admissions—is an improper advisory ruling. Docket No. 45 at 3–4. The Magistrate Judge's recommended denial of Plaintiff's motion for partial summary judgment is predicated on the finding that Defendant's RFA responses were timely served and thus no matters have been deemed admitted. Docket No. 44 at 8. According to the Magistrate Judge, even if any RFAs were deemed admitted, Plaintiff

[3] As noted by the Magistrate Judge, Defendant's counsel emailed Plaintiff on January 12, 2026, at 11:20 a.m. CT, to request an additional extension of Defendant's deadline to respond to the discovery requests through Thursday, January 15, 2026. *See* Docket No. 44 at 6, n. 1 (citing Docket No. 38-1 (noting counsel's difficulty finalizing the client's discovery requests within the 2-business day extension Plaintiff had provided)). After Plaintiff failed to respond, Defendant served Plaintiff with Defendant's discovery responses later that same day, on Monday, January 12, 2026, at 4:27 p.m. CT. *See id.*

would still fail to establish liability as a matter of law. *Id.* at 8, n. 2 (noting Defendant argues a "host of independent reasons" why Plaintiff's motion still fails) (citing Docket No. 37 at 10–13). Contrary to Plaintiff's argument, the "independent reasons" why Plaintiff's motion would still fail were properly briefed in Defendant's motion. Although he had the opportunity to do so, Plaintiff did not file a reply in further support of his motion. The Magistrate Judge did not err in mentioning those reasons.

Having conducted a *de novo* review, the Court also analyzes substantively why Plaintiff would still fail to establish liability as a matter of law, even if certain facts were deemed admitted.

Plaintiff alleges Defendant violated the FCRA, 15 U.S.C. §1681s-2(b), by failing to conduct a reasonable reinvestigation and continuing to furnish inaccurate information after notice of dispute. *See* Docket No. 19 at 2. In his FAC, Plaintiff alleges in January 2025 Defendant initiated a deceptive scheme by furnishing a collection tradeline to consumer reporting agencies (CRAs) that falsely identified Caine & Weiner itself as the original creditor, in direct violation of the "Metro 2 standards." Docket No. 9 at 2. According to Plaintiff, upon discovery, he sent formal dispute letters to the CRAs, demanding validation and deletion of the fraudulent account. *Id.* Plaintiff alleges Defendant was notified of this dispute through the CRAs but failed to validate, correct, or delete the entry. *Id.* Plaintiff further alleges Defendant "engaged in a cover up" by altering the tradeline, "swapping its name for 'Progressive' while preserving the same unverified balance, dates, and damaging status." *Id.* According to Plaintiff, from January 2025 through May 2025, Defendant willfully maintained this inaccurate information, causing continuous damage to Plaintiff's credit profile, "until forced deletion was achieved through a CFPB complaint." *Id.* Plaintiff alleges he sent Defendant a Final Demand Letter on July 11, 2025, outlining among other

things violations of the FCRA. *Id.* at 3. Plaintiff alleges Defendant, after notice of dispute, failed to conduct a reasonable investigation and report results to the CRAs. *Id.*

To show a furnisher of credit information violated the FCRA, Plaintiff must prove four elements: "(1) the furnisher provided inaccurate credit information about Plaintiff to a [consumer reporting agency ("CRA")]; (2) Plaintiff notified a CRA that this information in his or her credit report was inaccurate; (3) the CRA notified the furnisher of the dispute; and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors." *Onosode v. Equifax Info. Servs.*, No. 4:20-CV-00951-SDJ-CAN, 2023 WL 2783263, at *12 (E.D. Tex. Mar. 29, 2023), *report and recommendation adopted sub nom.*, 2023 WL 3060790 (E.D. Tex. Apr. 22, 2023) (citation omitted). Relevant to the first and fourth elements, Plaintiff must "demonstrate actual inaccuracies in the furnished information that a reasonable investigation could have discovered." *Id.* (citation omitted). If no evidence tends to prove that a furnisher of information "received notice of a dispute from a [CRA] within five days, as is required to trigger [the furnisher's] duties under Section 1681s-2(b) . . . [plaintiff's] FCRA claims fail as a matter of law." *Duren v. Westlake Servs. L.L.C.*, No. 4:25-CV-00307-O-BP, 2025 WL 2821247, at *3 (N.D. Tex. Sept. 17, 2025) (quoting *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 640 (5th Cir. 2002), *report and recommendation adopted*, 2025 WL 3036984 (N.D. Tex. Oct. 30, 2025).

Plaintiff relies on the following alleged deemed admissions: (1) Defendant reported Plaintiff's account to one or more consumer reporting agencies in 2025 with a "Terms" value of "1 Month." (RFA No. 1); (2) During the same reporting period, Defendant simultaneously reported the account as a "Collection" account while also reporting "Terms: 1 Month." (RFA No. 2); (3) On or about March 28, 2025, Defendant changed the "Original Creditor" field for Plaintiff's

account from "Caine & Weiner" to "Progressive" in data transmissions to consumer reporting agencies. (RFA No. 5); (4) When Defendant changed the "Original Creditor" field to "Progressive," Defendant made no corresponding change to the "Date Opened" field. (RFA No. 6); and (5) The data contradictions reflected in Plaintiff's Exhibit A [Amended Complaint] could not have been produced if Defendant's Quality Management Systems were functioning as intended. (RFA No. 16). Docket No. 34 at 3 (citing Docket No. 34-1 at 2–3). Plaintiff further requested that Defendant admit it received at least one dispute regarding Plaintiff's Account from a CRA in 2025 (RFA No. 7); that it did not mark Plaintiff's Account as "Disputed" in the subsequent reporting to any CRA after receiving said dispute (RFA No. 8), despite its internal policies which require it to do so (RFA No. 9); that it did not provide Plaintiff with a copy of a signed contract or application documenting the original debt obligation within thirty days of Plaintiff's verbal dispute (RFA No. 10); and that it requested deletion of Plaintiff's Account from CRAs only after receiving notification of Plaintiff's CFPB complaint (RFA No. 11).

The alleged deemed admissions do not establish, as a matter of law, that Defendant failed to conduct a reasonable investigation. Plaintiff offers no evidence concerning Defendant's investigation, or lack thereof, or the steps taken in response to any CRA notice. Without evidence of what the investigation entailed, Plaintiff cannot establish that it was unreasonable as a matter of law. *See Burns v. Bank of America*, 655 F. Supp.2d 240, 250 (S.D.N.Y. 2008), *aff'd*, 360 F. App'x 255 (2d Cir. 2010) ("There is no showing that Bank of America either failed to investigate Plaintiffs' disputed information or that Bank of America's investigations were unreasonable as a matter of law.").

Plaintiff likewise fails to establish liability under the TDCA, even with the alleged deemed admissions. Plaintiff alleges Defendant violated the TDCA by engaging in deceptive and unfair

collection practices, including communicating disputed information to third parties. Docket No. 19 at 2.

The TDCA is the statutory embodiment of common law concerning unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats when collecting a consumer debt. *Jobe v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 3:20-CV-588-K-BN, 2020 WL 5984369, at *5 (N.D. Tex. Sept. 18, 2020) (citing TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (a)(19)), *report and recommendation adopted*, 2020 WL 5981999 (N.D. Tex. Oct. 7, 2020). "The elements of a TDCA claim are: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined by the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *Wood v. Native Surf, L.L.C.*, No. 4:22-CV-143, 2024 WL 1516328, at *4 (E.D. Tex. Apr. 8, 2024) (citation omitted). "To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Jobe*, 2020 WL 5984369, at *6.

Additionally, a TDCA claim requires proof of an actual injury to establish liability. *Wood*, 2024 WL 1516328, at *4 (citation omitted). "Recoverable damages include those resulting from financial harms or mental anguish." *Id.* (quoting *Searcy v. CitiMortgage, Inc.*, 733 F. App'x 735, 739 (5th Cir. 2018) (affirming summary judgment dismissal of TDCA claim for lack of harm)). Moreover, "there must be a causal connection between the improper debt collection practice and the harm suffered." *Id.* (citations omitted).

Even considering the alleged deemed admissions, Plaintiff's motion fails to establish as a matter of law a causal connection between any improper debt collection practice and the harm

allegedly suffered. On *de novo* review, the Court finds Plaintiff would not be entitled to partial summary judgment at this time, even if the RFAs were deemed admitted.

**Objection 5**

In his fifth objection, Plaintiff asserts the Magistrate Judge's Rule 11 warning was unwarranted and creates "prejudicial record language that may affect the Court's assessment of Plaintiff's future filings." Docket No. 45 at 4. Plaintiff requests the Court strike or modify this language. *Id.* Plaintiff's request is denied.

In denying Defendant's motion for sanctions, the Magistrate Judge, in his discretion, reminded Plaintiff, who is proceeding *pro se*, that he must comply with Federal Rule of Civil Procedure 11.[4] The Magistrate Judge's warning—that future filings which do not comply with Rule 11 may result in sanctions—was not improper or prejudicial. Plaintiff's fifth objection is overruled.

**Objection 6**

In his sixth objection, Plaintiff states there has been a pattern of asymmetric treatment by the Magistrate Judge, resulting in "imbalance in the record." Docket No. 45 at 4. In this objection, Plaintiff objects to the Magistrate Judge's ruling as a whole and requests the Court evaluate each ruling independently and ensure that both parties are held to the same standards. *Id.* at 5. The Court has conducted a *de novo* review and finds nothing improper in the Magistrate Judge's ruling. Plaintiff's sixth objection is without merit.

**Objection 7**

---

[4] Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the claims, defenses, and other legal contentions are warranted by existing law." Fed. R. Civ. P.11(b)(2).

Finally, Plaintiff asserts the R&R failed to require Defendant to satisfy its burden under Rule 36(b). Docket No. 45 at 5–7. According to Plaintiff, Rule 36(b) requires a court deny withdrawal of deemed admissions when the withdrawal would prejudice the opposing party. *Id.* at 6. Plaintiff states withdrawal of Defendant's deemed admissions here would prejudice Plaintiff because the Rule 36 admissions are "the only mechanism available to Plaintiff to establish facts that exist exclusively within Defendant's control." *Id.* Plaintiff's reliance on Rule 36(b) is misplaced.

The Fifth Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b). *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citation omitted). In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: (1) would serve the presentation of the case on its merits, but (2) would not prejudice the party that obtained the admissions in its presentation of the case. *Id.* (citations omitted); Fed. R. Civ. P. 36(b). Here, however, there was no request by Defendant to withdraw or amend in accordance with Rule 36(b). Rather, Defendant contends its responses to the RFAs were timely filed and not deemed admitted by operation of Rule 36(a).

The Magistrate Judge agreed with Defendant, finding the responses to Plaintiff's RFAs were timely filed in accordance with the parties' written, informal extension of the response deadline. Considering no matters were deemed admitted, and further considering Defendant never moved to withdraw or amend in accordance with Rule 36(b), the Magistrate Judge did not err in considering whether Defendant satisfied the requirements of Rule 36(b). Plaintiff's last objection is overruled.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After review, the Court concludes that the Report and Recommendation of the Magistrate Judge is correct. Accordingly, it is

**ORDERED** that Plaintiff's Objections to Report and Recommendation of the United States Magistrate Judge (Docket No. 45) are **OVERRULED**. It is further

**ORDERED** the Report and Recommendation of the United States Magistrate Judge and Order (Docket No. 44) is **ADOPTED** as the findings and conclusions of the Court.

**So ORDERED and SIGNED this 4th day of August, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE