**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| ERICK W TURNER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-139-RWS-JBB |
| | § | |
| CAINE & WEINER COMPANY, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Plaintiff Erick Turner, proceeding *pro se*, filed this cause of action against Defendant Caine & Weiner Company, Inc. for alleged violations of federal consumer protection statutes. Docket No. 1. Turner later filed a First Amended Complaint, expanding his factual allegations and asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.*, and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 *et seq*. Docket No. 9.

On May 7, 2026, Turner filed his second motion for partial summary judgment. Docket No. 61. Then, on May 21, 2026, Defendant filed its motion for summary judgment, seeking dismissal of all of Turner's causes of action. Docket No. 74. After both parties filed their respective motions for summary judgment, Turner filed a motion to compel. Docket No. 88.

On August 12, 2026, the magistrate judge entered a report and recommendation that: (1) denied Plaintiff's motion to compel; (2) recommended that Plaintiff's motion for summary judgment be denied; and (3) recommended Defendant's motion for summary judgment be granted. Docket No. 97. Plaintiff then filed objections to the report, challenging all three of those rulings. Docket No. 99.

## LEGAL STANDARDS

### I. Standard of Review

The Court must conduct a *de novo* review of all portions of the magistrate judge's report that a party has properly objected to. *See* 28 U.S.C. § 636(b)(1)(C) (The district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). For the unobjected-to portions of the magistrate judge's report, however, parties are barred from *de novo* review by the district judge of the magistrate judge's proposed findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021). Where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### II. Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). Rule 56 requires that factual assertions be "support[ed]" by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

## ANALYSIS

### I. Motion to Compel (Plaintiff's Rule 72(a) Objection to the Denial of Docket No. 88)

Plaintiff challenges the magistrate judge's order on the non-dispositive motion to compel (Docket No. 88). *See* Docket No. 99 at 4–5. While recommendations on dispositive motions are reviewed *de novo* upon objection, non-dispositive orders of a magistrate judge may only be modified or set aside if the ruling is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

In his objections and underlying motion to compel, Plaintiff argues that Defendant failed to produce important evidence during the discovery period. See Docket No. 99 at 4–5. Specifically, Plaintiff states Defendant did not produce the second automated credit dispute verification (ACDV) that was submitted through Experian. See id. at 5. Defendant has repeatedly asserted that the only record it has of the second ACDV is the Account Notes it produced in discovery. See, *e.g.*, Docket No. 89 at 4. Plaintiff, however, has repeatedly taken issue with that fact. Put simply, Plaintiff's dissatisfaction is not grounds to order the production of discovery that does not exist and is not in Defendant's possession.

Although Plaintiff's objects to the report and recommendation's remark that he could have obtained the information he seeks in the form of a deposition, his objections do nothing to challenge that premise. Plaintiff appears to be dissatisfied that Defendant's business records do not contain sufficient narrative explanations of those records. See Docket No. 99 at 4–5. However, Plaintiff did not take a 30(b)(6) deposition and, thus, effectively forewent his opportunity to explore Defendant's explanation of the business records produced in discovery. *See* Docket No. 89 at 3. Thus, Plaintiff's objection to the denial of the motion to compel is denied, as the magistrate judge's order (Docket No. 98) was not contrary to law.

## II. Summary Judgment

With respect to the summary judgment findings, Plaintiff raises five (5) specific objections. For the reasons below, each one is overruled.

### A. Objection to the finding that there is no evidence of post-April 29 furnishing (Docket No. 99 at 1)

#### 1. The produced Credit Reporting History is direct evidence

Plaintiff's first objection is based on his uncorroborated reading of C&W's largely opaque business records. For example, Turner argues that the record "CREDIT STS DA BAL 0 TU" somehow indicates that C&W continued to furnish his information to credit reporting agencies and attempted to collect his debt after his account had been closed. *See* Docket No. 99 at 2. There is no witness competent to interpret this evidence in the record who supports Plaintiff's position, and Plaintiff's subjective beliefs about the meaning of these records are insufficient to create a fact issue on summary judgment.

#### 2. The inclusion of UMF 19 in the "no disputed" line was a drafting error, not a concession

Next, Turner argues that he did not intend to concede to Defendant's proposed UMF 19. *See* Docket No. 99 at 2. This objection should be overruled because, although the report noted the apparent concession, the magistrate judge nevertheless analyzed the issue on the merits as if it were disputed. *See* Docket No. 97 ("Notwithstanding this apparent concession, Turner's allegation relies almost exclusively on C&W's records related to his account.").

#### 3. The R&R improperly treats documentary comparison as specialized opinion testimony

Next, Turner argues that "[t]he R&R treats Milstein's declaration as the only competent interpretation because C&W's records are allegedly ambiguous to anyone without industry-specific knowledge." Docket No. 99 at 2 (citing Docket No. 97 at 13). However, his objection

simply highlights the validity of the report's reasoning. Plaintiff's entire objection seems to be premised on the meaning of the letters "XB," which appear in the Account Notes produced by Defendant, and their relationship to the letters "DA." *See id.* at 2–3 (primarily referring to Defendant's records filed as Docket No. 74-2 at 17–18). Plaintiff argues that an "XB" code is "an active-dispute indicator[,]" *see* Docket No. 79 at 16, and a "DA" code means "Delete entire account," *see* Docket No. 99 at 3. According to Plaintiff, the fact that an XB code appears along with a DA code is evidence of Defendant's continued furnishing of the account after April 29, 2025. *Id.* However, there is simply no evidence in the record to support his argument.

Additionally, there is no witness with foundational knowledge of these records who has provided any testimony that could be used to support Turner's reading of the records. *See* Docket No. 74-2 at 6 (Defendant's chief operating officer asserting that Turner's account with C&W was closed on April 29, 2025 and no additional attempt was made to collect). Turner—an individual with no industry-specific knowledge—is merely relying on his subjective belief as evidence. That is insufficient at this stage. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (holding a genuine dispute of material fact generally only exists "when both parties have submitted evidence of contradictory facts"). Accordingly, Plaintiff's first objection is overruled.

**B. Objection to reliance on Wadell's post-discovery affiliation testimony**

As he did in his response to Defendant's motion for summary judgment, Plaintiff again argues that the declaration of Sharon Waddell (Docket No. 74-1), a representative from Progressive, should be excluded from consideration. Docket No. 99 at 3. However, aside from challenging the report's ultimate conclusion, Plaintiff does little to explain why the report's legal analysis was incorrect. *See id.* Notably, the Report concluded that C&W's disclosure of "one or more unidentified representatives of Progressive Insurance" to provide information on creditor records and information was permissible because unnamed corporate representative disclosures

are generally sufficient under Rule 26 unless the disclosure makes no reference to the subjects of the testimony to be given. *See* Docket No. 97 (citing *Spence v. American Airlines, Inc.*, 775 F. Supp. 3d 963, 973–74 (N.D. Tex. 2025)).

Here, the affiliate structure of Progressive seems like it would qualify as information related to the creditor (who is, in this case, Progressive). Thus, the unidentified corporate representative (Waddell) provided information related to the identified subject matter (creditor information). Once again, Plaintiff's frustration appears rooted in the fact that he did not know this information before Defendant's summary judgment motion was filed. However, his ignorance is attributable to the fact that he did not conduct depositions in this case. Had he deposed a corporate representative of Progressive during the discovery period, he may have been able to substantively challenge Progressive's corporate structure assertions with tangible evidence. However, his failure to do so and post-hoc frustrations about the consequences of that failure are insufficient to grant him any relief. Plaintiff's second objection is overruled.[1]

**C. Objection to the failure to address the separate April 25 investigation entry**

Plaintiff next argues that the report failed to consider an April 25 entry that states C&W "REVIWED IMAGES/ATTACHMENTS." *See* Docket No. 99 at 6. Plaintiff argues this entry is relevant because it contradicts C&W's assertion that no images were provided with the ACDV. *See id.* However, this entry is only relevant to the adequacy of the investigation. As the report noted, unless Plaintiff can support his allegations that C&W provided false or misleading

[1] Plaintiff also argues the magistrate judge should have applied a four-factor test to determine whether the alleged non-designation of Waddell was substantially justified or harmless. *See* Docket No. 99 at 4. However, because the report concluded the witness designation was proper, there was no need to perform this analysis.

information, it does not matter whether or not its investigation was adequately performed. *See* Docket No. 97 at 14–15. Thus, this objection is overruled.

**D. Objection to using the screenshot ruling to disregard distinct record-based theories.**

In Plaintiff's next argument, he asserts that he did not rely on the Credit Karma screenshot to support his allegations. Docket No. 99 at 6. This is incorrect. As the report noted, in Plaintiff's original complaint, the only allegation of a false statement was that C&W supposedly identified itself (rather than Progressive) as the original creditor of the debt. *See* Docket No. 9 at ¶¶ 5, 23. The only evidence in the record that could support Plaintiff's original allegation was the Credit Karma screenshot. *See* Docket No. 97 at 13. Any suggestion by Plaintiff that he did not rely upon the screenshot in the summary judgment briefing is inaccurate. *See, e.g.*, Docket No. 79 at 12–13 (Plaintiff relying on the screenshots in his response to Defendant's motion for summary judgment).

Plaintiff's summary judgment motion later added new allegations of false or misleading statements made by C&W. *See* Docket No. 61 at 13. Each of these allegations was analyzed on the merits in the report, and their disposition did not rely solely upon the discrediting of the screenshot. *See* Docket No. 97 at 10–14. Thus, Plaintiff's fourth objection is overruled.

**E. Objection to the § 1692f legal premise**

Finally, Plaintiff objects to the report's resolution of his § 1692f claim. *See* Docket No. 99 at 7. It is true that Plaintiff implicated two sections of § 1692 in his original complaint, and those two sections facially prohibit separate conduct. *See* Docket No. 9 at 4. Specifically, § 1692e prohibits "false, deceptive, or misleading misrepresentation[s]" with respect to the collection of a debt. 15 U.S.C. § 1692e. Conversely, § 1692f prohibits "unfair and unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The report did not analyze the two statutes separately simply because Plaintiff alleged the same conduct violated both statutes. *See*

Docket No. 97 at 6 n.5. Notably, in his objections, he argues that Defendant furnished "repeated DA transmissions after internal closure," *see* Docket No. 99 at 7, an allegation that the report specifically analyzed on the merits. *See* Docket No. 97 at 12–13.

First, as the report noted, § 1692f claims are generally only intended to cover unfair practices that somehow "slip by" other provisions of the FDCPA (such as § 1692e). *See* Docket No. 97 at 6 n.5 (citing *Osborn v. Ekpsz*, 821 F. Supp. 2d 859, 878 (S.D. Tex. 2011)). In other words, if allegations would qualify as a violation § 1692e, they cannot also qualify as a violation of § 1692f. Turner's objections do not seriously challenge this legal premise aside from pointing out that the proposition was cited from a case in the Southern District of Texas. He cites no contrary proposition from case law.[2]

Second, it seems that Turner is alleging that this conduct (the repeated transmissions of his information) was unconscionable because C&W had closed his account after he challenged the debt. Thus, according to Turner, C&W kept trying to collect on a debt when it knew (or suspected) the debt was invalid. Whether Turner wants to classify this as a false statement or an unconscionable practice, the analysis is the same. The report specifically concluded that Turner has no evidence to support his allegation that C&W continued furnishing his information after it should have ceased. *See* Docket No. 97 at 13. Thus, whether analyzed under § 1692e or § 1692f, his claim would be dismissed either way. Thus, his final objection should be overruled.

## **CONCLUSION**

---

[2] Plaintiff correctly cites to *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016), which states "[t]he FDCPA should [] be construed broadly and in favor of the customer." However, this case does not support his argument that it was an error in this case to analyze his claims only under § 1692e. If Turner could not support his allegations with evidence, it does not matter whether the alleged act was viewed as "misleading" or "unconscionable."

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The report of the magistrate judge is correct, and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 99) are **OVERRULED** and the report of the magistrate judge (Docket. No. 97) is **ADOPTED** as the opinion of the Court. The Court will enter a separate final judgment.

**So ORDERED and SIGNED this 20th day of October, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE